IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No.: 1:24-cv-02156-SKC-MDB

JOSEPH HUNNICUT

    Plaintiff,

v.

DANIEL LINGAMFELTER,

    Defendant.

---

**ORDER RE: DEFENDANT'S MOTION TO DISMISS (DKT. 12)**

---

This matter arises from Plaintiff Joseph Hunnicut's contention that Defendant Daniel Lingamfelter, in his capacity as the El Paso County Assistant Coroner, falsified evidence to keep Plaintiff incarcerated from August 2022 until November 2022.

### A. BACKGROUND

The facts underlying this case began when Plaintiff was arrested and tried for the murder of his girlfriend, Alison Cantrell. Dkt. 1, ¶5. Plaintiff remained incarcerated pending trial from April 2021 through November 2022. *Id.* at ¶9. On July 27, 2022, Plaintiff's first trial began on the charge of first-degree murder and the lesser included charges of second-degree murder and tampering with a deceased

1

human body. *Id.* at ¶10. He was found not guilty of first-degree murder and the jury could not reach a verdict on the lesser included charges. *Id.* at ¶11.

During the first trial, Lingamfelter testified regarding the victim's time of death. *Id.* at ¶12. On cross-examination, he testified that it was unlikely she died on any one of the three days she was missing, with the caveat that her death probably did not occur after 10:30 a.m. on March 15. *Id.* at ¶13. He also testified it was unlikely she died within two to three hours of when she was found at 1:33 p.m. on March 15. *Id.*

After a jury found Plaintiff not guilty, Deputy District Attorney Benjamin Hostetter spoke to the jury about their views of the case. *Id.* at ¶14. Jury members shared their concern over the lack of evidence regarding the time of death and that the defense created enough reasonable doubt concerning the timeline. *Id.* at ¶14. Thereafter, Lingamfelter asked DA Hostetter if he had any feedback regarding his testimony at the first trial. *Id.* at ¶15. DA Hostetter told Lingamfelter that unless he had a "magic wand" and could narrow down the time of death, there was nothing that could be done. *Id.* at ¶17.

DA Hostetter then re-tried Plaintiff on the lesser charges of second-degree murder and tampering with a deceased human body. *Id.* at ¶22. At the second trial, Lingamfelter testified he did not believe the victim's death could have occurred as late as 10:30 a.m. on March 15. *Id.* at ¶23. Defense counsel then objected that communications between the District Attorney and Lingamfelter were not disclosed

prior to trial. *Id.* at ¶¶24-25. Assistant DA Brien Cecil stated his belief that the communication between DA Hostetter and Lingamfelter was limited to scheduling matters. *Id.* at ¶27. After a second request for disclosure, DA Hostetter disclosed their communication regarding the victim's time of death. *Id.* at ¶30. By that time, however, Lingamfelter had already left the country on a pre-planned vacation and was not subjected to cross-examination. *Id.* at ¶31. In November of 2022, Plaintiff was found not guilty of the remaining charges of second-degree murder and tampering with a deceased human body. *Id.* at ¶39.

Plaintiff brought this action on August 5, 2024, contending Lingamfelter violated his Fourteenth Amendment due process rights when he fabricated evidence regarding the victim's time of death. Dkt. 1. Lingamfelter has filed a Motion to Dismiss arguing he is entitled to both absolute and qualified immunity. Dkt. 12. The Motion is fully briefed. Dkts. 22, 23. The Court has carefully reviewed the Complaint, the Motion and related briefing, and the applicable law and legal authorities. No hearing is necessary. Because the Court concludes Lingamfelter is entitled to qualified immunity, his Motion is granted.

### B. STANDARDS OF REVIEW

#### 1.   Fed. R. 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must

"accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010) (internal citations omitted). But the Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (cleaned up). The standard is a liberal one, however, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

**2.    Qualified Immunity**

Qualified immunity shields individual defendants from actions under 42 U.S.C. § 1983 actions unless their conduct was unreasonable based on clearly established law. *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014). "[W]hen a defendant asserts qualified immunity, the plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *Id.* (quotation omitted). The Court has discretion to consider these prongs in any order. *Leverington v. City of Colo. Springs*, 643 F.3d 719,

732 (10th Cir. 2011). Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

As to the first prong, "[i]f no constitutional right would have been violated were the allegations established," the inquiry is at an end. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second prong—whether the right was clearly established—must be considered "in light of the specific context of the case, not as a broad general proposition." *Id.* An official's conduct "violates clearly established law when, at the time of the challenged conduct, 'the contours of a right are sufficiently clear' that every 'reasonable official would have understood that what he is doing is violating that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). To be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.*

## C. ANALYSIS

Plaintiff argues that Lingamfelter's fabrication of evidence deprived Plaintiff of his liberty because it led to his ongoing pretrial incarceration and the re-trial on the lesser included offenses. Lingamfelter contends Plaintiff has failed to sufficiently allege facts establishing entitlement to relief and failed to demonstrate that the law on this matter was clearly established. The Court agrees with Lingamfelter.[1]

---

[1] Because the Court concludes Lingamfelter is entitled to qualified immunity, it does not address the question of absolute immunity.

5

When bringing a claim based on the alleged fabrication of evidence, "[t]o rise to the level of a constitutional violation, a plaintiff must assert a causal connection between the fabrication of evidence and the deprivation of liberty." *Truman v. Orem City*, 1 F.4th 1227, 1236 (10th Cir. 2021) (citing *Warnick v. Cooley*, 895 F.3d 746, 753 (10th Cir. 2018)). To state a claim for fabrication of evidence, a plaintiff must plausibly allege "(1) the defendant knowingly fabricated evidence, (2) the fabricated evidence was used against the plaintiff, (3) the use of the fabricated evidence deprived the plaintiff of liberty, and (4) if the alleged unlawfulness would render a conviction or sentence invalid, the defendant's conviction or sentence has been invalidated or called into doubt." *Id.* (footnotes omitted). And at a minimum, the defendant must possess "knowledge of the evidence's falsity." *Id.*; *see* Fabricated Evidence, Black's Law Dictionary (12th ed. 2024) (defining fabricated evidence as "[f]alse or deceitful evidence that is unlawfully created . . . in an attempt to achieve . . . conviction.").

As an initial matter, while Plaintiff alleges Lingamfelter falsely narrowed the window for the victim's time of death at the second trial so it was no longer consistent with Plaintiff's defense theory, the allegations are too vague to support this proposition. The allegations fail to demonstrate any meaningful difference between Lingamfelter's testimony at each trial. According to the Complaint, in the first trial, Lingamfelter testified through leading questions on cross examination that (1) the victim died "some time between the last time she was seen and when her body was discovered;" (2) he "probably" "would not expect her to have died within two hours to

6

three hours of being found" on March 15 at 1:33 p.m.; and (3) he could not say "its (sic) more likely that she died on March 13th versus March 14th versus the 15th as long as we're not past say 10:30 [a.m.] on the 15th[.]" Dkt. 1, ¶13. In his purportedly "narrowed" testimony in the second trial, Lingamfelter testified on direct examination that he did not believe the victim's death could have occurred as late as 10:30 a.m. on March 15. *Id*. at ¶23.

Without more, the difference between the two statements is negligible if there is any difference at all. As the Court understands the allegations, on cross examination in the first trial Lingamfelter testified the death could have occurred on March 13-15, but not past 10:30 a.m. on March 15, and probably not within two hours of 1:33 p.m. on March 15. *Id.* at ¶13. In the second trial, on direct examination he testified the death likely did not occur as late as 10:30 p.m. on the March 15. *Id.* at ¶23. As Lingamfelter suggests in his Motion, the "new" time of death testimony still encompasses any time from the victim's disappearance through March 15 at 10:29:59. And, contrary to Plaintiff's contention, this timeline still supported his defense theory that the victim died between March 14 and March 15.

Even if the Court assumes there is a meaningful difference between the testimony at the two trials, a difference alone does not equate to fabricated evidence. There must also be evidence the statement was false and the fabricator knew it was false. *Truman*, 1 F.4th at 1236. Here, there are no factual allegations in the Complaint to support a plausible inference that Lingamfelter's testimony was false

7

or that he knew it was. *See generally* Dkt. 1. In this regard, the purported "falsity" of Lingamfelter's testimony is further confused by the fact that his testimony in the first trial was elicited on cross examination with leading questions, and his testimony in the second trial was elicited on direct examination. *Compare* Dkt. 1, ¶13 *with* ¶23. Further, the Complaint directly quotes Lingamfelter testimony from the first trial while merely alluding to his testimony in the second trial without directly quoting it or providing any context. *Id.*

The Complaint relies solely on the fact that the "narrowed" timeline was preceded at some undefined point by DA Hostetter's "magic wand" statement. But without supporting facts, it is too far an inferential leap from the "magic wand" statement to Lingamfelter's purportedly fabricated testimony. It does not support a plausible inference that Lingamfelter's testimony at the second trial was in fact false.

Without additional factual allegations to plausibly establish the existence of false evidence, Plaintiff fails to state a claim for violation of his due process rights thus entitling Lingamfelter to qualified immunity. As a result, the Court need not consider whether the rights were clearly established at the time. *Leverington*, 643 F.3d 732.

\*   \*   \*

For the reasons shared above, the Court GRANTS Defendant's Motion to Dismiss (Dkt. 12). Plaintiff's claim against Defendant is dismissed with prejudice. *Vreeland v. Olson*, No. 20-cv-02330-PAB-SKC, 2021 WL 4237269, at \*5 n.7 (D. Colo.

8

Sept. 16, 2021); *see Lamle v. Eads*, --- F.4th ---, 2025 WL 1063335, at *4 (10th Cir. Apr. 9, 2025) (affirming "dismissal with prejudice because" defendant was "entitled to qualified immunity on the claim for damages"). The Clerk of Court shall close this case.

DATED: September 30, 2025.

BY THE COURT:

_____

S. Kato Crews
United States District Judge

9